UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY G. TERRY,<br><br>      Plaintiff,<br><br>   v.<br><br>DARYL L. DORSEY, et al.,<br><br>      Defendants. | Case No. 20-07859 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at San Quentin State Prison ("SQSP"). Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Plaintiff's Claims

Plaintiff claims that on August 12, 2019, Defendant Deyoung at SQSP authored an RVR report at the direction of Defendant Franco and "orchestrated" by Defendant Dorsey. Dkt. No. 1 at 3. Plaintiff claims that Rony Ortiz, whom he claims is his "LGBT inmate partner," was coerced to claim rape by oral copulation by five inmates, apparently including Plaintiff. *Id.* Plaintiff claims Defendants conspired together to violate his civil rights and that of his partner, Mr. Ortiz. *Id.* Plaintiff claims that the Defendants participated in making the fraudulent claims "to abuse the PREA federal funding program," and to use the PREA to retaliate "for a removal of staff sexual misconduct." *Id.* Plaintiff also claims defamation of character. *Id.* Lastly, Plaintiff claims Defendants Prada and Feston conspired to convict him of the RVR before he was found guilty of the charge. *Id.* Plaintiff seeks a reversal of the oral copulation charge and damages.

#### 1.    Claim Based on the "PREA"

Plaintiff's allegations are insufficient to state a cognizable claim based on his allegation that Defendants acted "to abuse the PREA federal funding program." First of all, he does not explain to what that acronym refers. If he is referring to the Prison Rape Elimination Act ("Act"), it is unclear how the Defendants are "abusing" the Act to violate Plaintiff's civil rights. He also refers generally to "civil rights" without any explanation as to what constitutional rights were violated. Plaintiff will be granted leave to amend to attempt to state sufficient facts to satisfy the two elements for a § 1983 claim based on his references to the "PREA." However, Plaintiff is advised that if by "PREA" he is referring

2

to the Prison Rape Elimination Act, this Act has not been found to establish a private cause of action, even for allegations of prison rape. *See Krieg v. Steele*, 599 F. App'x 231 (5th Cir. 2015) (collecting cases); *Tenney v. Baldwin*, 2016 WL 2755171, at *3 (S. D. Ill. 2016) ("the Court finds that the PREA does not create a private cause of action"); *De'Lonta v. Clarke*, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) ("Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue... officials for noncompliance with the Act"). Accordingly, any claim based on the Prison Rape Elimination Act will be dismissed for failure to state a claim for relief.

### 2. Retaliation

Plaintiff also indicates that Defendants acted in retaliation "for a removal of staff sexual misconduct." "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations are insufficient to establish all five of these elements to state a retaliation claim. For example, even if the Court liberally construes the allegations as establishing the first, second and third elements, i.e., Defendants took adverse action by writing up a false RVR report because Plaintiff filed a complaint alleging sexual misconduct against staff, Plaintiff makes no allegations with respect to the fourth and fifth elements, i.e., that their actions chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal. Accordingly, he shall be granted leave to amend to attempt to allege sufficient facts to state a retaliation claim. Plaintiff should also describe in more detail the "staff sexual misconduct" allegation to explain why specific Defendants would be motivated to retaliate against Plaintiff.

In preparing an amended complaint, Plaintiff should keep the following principles

3

in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

### 3. **Disciplinary Proceedings**

Plaintiff appears to be challenging a disciplinary action finding him guilty of oral copulation which he claims are "fraudulent claims" and should be reversed.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to *Wolff's* procedural protections[1] if (1)

---

[1] *Wolff* established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566.

4

state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).

Plaintiff's allegations are insufficient to state a due process claim because he does not describe what sanctions he received as a result of the guilty finding nor does he allege that he was deprived of any of the minimal procedural protections under *Wolff*. Accordingly, he shall be granted leave to amend this claim to allege sufficient facts to state a due process claim. However, Plaintiff is advised that if he was assessed loss of good time credits as a result of disciplinary proceedings such that a success on the claim would involve reinstatement of the time credits and "necessarily spell speedier release," he must file the due process claim in a separate habeas action under 28 U.S.C. § 2254. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011). Plaintiff shall be provided with a copy of the court's form petition for this purpose. Otherwise, so long as the challenged disciplinary proceeding does not involve the loss of good time credits, he may pursue a due process claim in the instant action.

### 4. Defamation

Lastly, Plaintiff's claim of defamation of character is not cognizable under § 1983. Defamation alone does not state a constitutional claim, even when done under color of state law. *See Paul v. Davis*, 424 U.S. 693, 701-710 (1976); *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (no subject matter jurisdiction over claim of slander by police officer because no violation of federal right). Accordingly, Plaintiff's defamation claim must be dismissed for failure to state a

---

Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id.* at 570.

5

claim for relief.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's defamation claim is DISMISSED for failure to state a claim for relief.

2. The remainder of Plaintiff's claims are **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 20-07859 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

4. The Clerk shall include two copies of the court's **complaint** and a copy of the court's form **petition** with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __March 19, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\07859Terry_dwlta